713 So.2d 832 (1998)
Bobby D. HIGGINBOTHAM, Sr.
v.
Kim WHITE-HIGGINBOTHAM.
No. 97-CA-1191.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
Rehearing Denied July 17, 1998.
*833 Theon A. Wilson, Dreola M. Guyton, New Orleans, for Plaintiff/Appellant.
June B. Darensburg, Metairie, for Defendant/Appellee.
Before GRISBAUM, GAUDIN and DALEY, JJ.
DALEY, Judge.
This is an appeal by Mr. Higginbotham from a judgment decree involving child support, custody, and the use and occupancy of the family home.

FACTS
The parties were married on May 24, 1980, and lived together as husband and wife for sixteen years. Three children were born of this marriage; Bobby D. Higginbotham, Jr. born October 18, 1980; Jonathan D. Higginbotham born April 11, 1989; and Kisharra Tai Higginbotham, who is now deceased.
On September 7, 1996, Mr. Higginbotham left the family home and filed a Petition for Divorce on October 7, 1996, requesting joint custody of the children with both parents being named as domiciliary parents. Mrs. Higginbotham filed a Reconventional Demand, claiming that her husband abandoned her without cause. She requested joint custody of the children and that she be named domiciliary parent. She also requested use and occupancy of the family home, alimony pendente lite, permanent alimony, and child support.
These matters were heard on April 29, 1997. A Judgment of Divorce was granted during this hearing and the written Judgment of Divorce was signed on May 5, 1997. The trial court signed a written judgment pertaining to custody, alimony, child support and use and occupancy of the family home on May 15, 1997, ordering that Mrs. Higginbotham have "continued use and occupancy of the family home ... with Bobby D. Higginbotham responsible for maintaining the house note, utilities, insurances and all reasonable expenses related to the home." The May 15, 1997 judgment awards custody of the children to Mrs. Higginbotham with liberal and reasonable visitation by Mr. Higginbotham and child support of $1,000 per month. This judgment further orders that Mr. Higginbotham pay the younger son's tuition, maintain health insurance on *834 both children and pay any out of pocket medical expenses for the children.
Mr. Higginbotham filed a Motion for New Trial alleging that the judgment is contrary to law and evidence and that the written judgment does not conform to the transcript of the judgment as rendered by the court. This motion was denied by the trial judge, who wrote an order stating "If judgment doesn't conform with the transcript, please submit copy of transcript (the portion with the ruling) along with a motion to amend judgment and a proposed judgment, the Court will consider this when filed." Mr. Higginbotham did not submit any such transcript or motion to the trial court, instead he filed this appeal.

DISCUSSION
On appeal, Mr. Higginbotham argues first that the trial court erred in fixing the award of child support in the absence of documentary evidence in the record sufficient to establish the court's ruling; and secondly, that the trial court erred in ordering appellant to pay the mortgage payment and other expenses of appellee in the absence of a rule for alimony. Although not listed as a separate assignment of error, Mr. Higginbotham argues in his brief that the trial court erred in granting use and occupancy of the family home to Mrs. Higginbotham. Mr. Higginbotham also argues that the trial court erred in denying the Motion to Amend the Judgment and Motion for New Trial, however we need not address this issue since we vacate the portion of the judgment which he complains does not conform to the transcript.

CHILD SUPPORT AWARD:
Appellant contends that the trial court erred in fixing the award of child support in the absence of sufficient documentary evidence. The record contains a request for Mr. Higginbotham's latest tax returns. Only the returns for the years 1990 through 1993 have been produced. Interestingly, these returns show adjusted gross income ranging from a low a $7,379 to a high of $46,794 while the parties were paying sums of approximately $4,500 per month for expenses related to their residence. Additionally, the appellant admitted to incurring tax liens in the range of six to eight million dollars.
The trial judge acknowledges on the record that he was "operating in somewhat of a vacuum because we don't have all the facts". A reading of the record suggests that Mr. Higginbotham spends considerable more money than he admits earning. Although the trial court stopped short of calling his financial representations "smoke and mirrors", Mr. Higginbotham appears to have shielded income and assets. Two of the businesses that he manages and has budgetary control over are owned by other people. The family home is allegedly owned by his sister. The defendant testified that his adjusted gross income for 1995 and 1996 was $68,000 per year. The trial court adopted the $68,000 per year income in setting the award for child support. The trial judge had sufficient evidence to utilize the $68,000 admitted annual income as a basis for awarding support. In doing so, the trial judge ordered less monthly support than allowed by the statute, reasoning that Mr. Higginbotham would incur some expenses while spending time with the children. We find the award of child support was within the trial judge's discretion and there was adequate evidence in the record to support the award.

USE OF THE FAMILY HOME:
Louisiana Revised Statute 9:374 provides that the court can make an award of the use and occupancy of the family residence pending further order of the court in accordance with the best interest of the family. The trial court granted custody of the children to Mrs. Higginbotham and noted that the children had lived in the family home since it was purchased by the parties in the 1980s. While there is conflicting testimony in the record as to ownership of the family home, there is no dispute that Mr. Higginbotham and/or his sister have allowed Mrs. Higginbotham and her children to stay in the home and it is undisputed that Mr. Higginbotham has paid all household expenses including the monthly mortgages which total approximately $4,500 per month. According to the trial transcript the parties agreed that the use of the premise at No. 12 Hermitage Court (family home) would remain with the wife. Accordingly, the award of use and occupancy of the family home to *835 Mrs. Higginbotham was appropriate in this case.

MORTGAGE AND HOUSEHOLD EXPENSES
The judgment orders Mr. Higginbotham to pay the mortgage payments as well as utilities, insurances and all reasonable expenses related to the home. Appellant claims the trial court erred in ordering the mortgage and other household expenses absent a Rule for Alimony. The judgment rendered does not expressly grant an award of alimony to Mrs. Higginbotham. Rather the trial judgment after awarding use of the family home to Mrs. Higginbotham orders that Bobby Higginbotham be "responsible for maintaining the house note, utilities, insurance and all reasonable expenses related to the home."
The 1997 version of Civil Code Article 112 provided:
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one third of his or her income.
A reading of this code article requires that a hearing be held to determine the issue of fault prior to an award of alimony. At the end of the April 29 th Court proceeding the trial judge stated that "The issue of fault and alimony is reserved until a later time." In the absence of a hearing on fault and alimony after the divorce was granted, we find that the trial judge did not have authority to order Mr. Higginbotham to pay alimony. The payment of the mortgage, utilities, insurance, and all reasonable expenses related to the home in this case is in the nature of an alimony payment. The purpose of these payments is not to preserve a community asset, but rather to provide financial assistance to Mrs. Higginbotham.
For the foregoing reasons the portion of the judgment ordering appellant to pay the house note, utilities, insurances and all reasonable expenses related to the home is vacated and this matter is remanded to the trial court for an expedited hearing on the issues of fault and alimony. All other portions of the judgment are affirmed.
AFFIRMED IN PART; VACATED IN PART; AND REMANDED.